# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Jeremy Smith, ) | |
| ) | Civil Action No.: 3:20-cv-02850-JMC |
| Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| Michelin Tire Corporation, ) | |
| Defendants. ) | |

    Currently before the court is Plaintiff Jeremy Smith's Motion to Remand to State Court. (ECF No. 5.) Defendant Michelin Tire Corporation ("Michelin") filed a Response in Opposition to the Motion.¹ (ECF No. 10.) For the following reasons, the court **DENIES** Plaintiff's Motion to Remand. (ECF No. 5.)

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKRGOUND²

    Plaintiff is a former employee of Michelin. (ECF No. 1-1 at 1 ¶ 1.) Before working at Michelin, he "suffered a serious left leg injury" in 2007, leaving him with chronic leg pain. (*Id.* ¶ 6.) He also received treatment from two chiropractors for back pain. (*Id.*) Thereafter, during a pre-employment physical exam for Michelin, Plaintiff checked "yes" on a questionnaire for a leg injury, "but omitted back pain," although he later "verbally told the examining physician . . . of his back pain." (*Id.* at 2 ¶ 10.) While he worked at Michelin, Plaintiff suffered at least two injuries in the workplace in 2014, the second of which resulted in his "permanent[] and total[] disab[ility.]"

---

¹ Defendant states it was "incorrectly identified in the Complaint as Michelin Tire Corporation" instead of "Michelin North America, Inc." (ECF No. 10 at 1.)

² The following facts are taken from the Complaint. (ECF No. 1-1.)

(*See id.* at 1-3.) Because of his employment with Michelin, Plaintiff began receiving long-term disability ("LTD") benefits through Prudential Insurance Company of America ("Prudential"). (*Id.* at 4 ¶ 28.) However, Michelin terminated Plaintiff "for allegedly not disclosing medical information during his pre-employment physical examination." (*Id.* ¶ 29.) Plaintiff's LTD benefits through Prudential continued for a time until Michelin informed Prudential that Plaintiff was terminated for cause, and his LTD benefits "should have been terminated at the time his employment was terminated. Michelin [would] not backdate termination of LTD benefits since Prudential was never informed." (*Id.* ¶ 32.)

Michelin's actions spurred Plaintiff to bring the instant suit alleging state law claims of fraud, negligence, and unfair and deceptive trade practices against Michelin. (ECF No. 5-1 at 5.) In August 2020, Defendant removed this matter to federal court. (ECF No. 1.) Plaintiff then filed a Motion to Remand, arguing the Employee Retirement Income Security Act ("ERISA") did not preempt his state law claims against Michelin. (*See* ECF No. 5.) Plaintiff insists this case "is not an ERISA lawsuit against Prudential, rather it is a lawsuit against Defendant for its fraud, negligence, and unfair and deceptive trade practices." (ECF No. 5-1 at 5.)

## II.     LEGAL STANDARD

A party seeking to remove a case from state to federal court bears the burden of demonstrating that jurisdiction is proper at the time it files its petition for removal. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996). If federal jurisdiction is doubtful, remand is necessary. *Mulchaey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *see Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (noting Congress's "clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction"); *see also Auto Ins. Agency, Inc. v. Interstate Agency, Inc.,* 525 F. Supp. 1104, 1106 (D.S.C. 1981)

(citations omitted).

The right to remove a case from state to federal court derives solely from 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Absent jurisdiction based on the presentation of a federal question, *see* 28 U.S.C. § 1331 (2012), a federal district court only has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a).

### III.     ANALYSIS

Plaintiff contends the court lacks subject matter jurisdiction because ERISA does not preempt his state law claims, and, consequently, no federal question arises from his causes of action. (ECF No. 5-1 at 6.) In response, Defendant stresses that Plaintiff's claims in fact "spring from Plaintiff's participation in and Defendant's role in administering" Michelin's employee benefits plan, which in turn demonstrates that "ERISA preempts each of Plaintiff's state law claims." (ECF No. 10 at 2.) To determine whether Plaintiff's state law claims are preempted by ERISA, the court must first determine if ERISA coverage encompasses Michelin's employee benefits plan.

A. ERISA Coverage

ERISA applies to employee benefit plans that an employer "engaged in commerce or in any industry or activity affecting commerce" establishes or maintains. 29 U.S.C. § 1003(a) (2012). ERISA defines a benefit plan as:

> Any plan, fund, or program which was heretofore or is hereinafter established or maintained by an employer or by an employee organization, or by both, to the

3

> extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise (a) medical, surgical, or hospital care or benefits[.]

*Id.* In *Custer v. Pan American Life Ins. Co.*, 12 F.3d 410 (4th Cir. 1993), the Court of Appeals for the Fourth Circuit set forth the test to determine if ERISA governs a policy plan. The Fourth Circuit stated that "[f]or ERISA to apply, there must be (1) a plan, fund or program, (2) established or maintained, (3) by an employer, employee organization, or both, (4) for the purpose of providing a benefit, (5) to employees or their beneficiaries." *Id.* at 417 (citations omitted).

The Fourth Circuit further observed in *Custer* that "the establishment of a[n] [ERISA] plan may be accomplished through the purchase of insurance," *id.* (citing 29 U.S.C. § 1002(1)), and that "[t]he existence of a[n] [ERISA] plan may be determined from the surrounding circumstances to the extent that a 'reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits.'" *Id.* (quoting *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982)). But the Fourth Circuit also clarified:

> [T]he purchase of every insurance policy does not automatically establish a welfare benefit plan under ERISA. The Department of Labor has issued regulations stating that if the employer merely facilitates the purchase of a group insurance policy paid for entirely by the employees, the employer is not establishing a plan. There must be some payment and manifestation of intent by the employer or employee organization to provide a benefit to the employees or the employees' beneficiaries.

*Id.* at 417 (citations omitted).

These regulations preclude certain group insurance programs from ERISA coverage if they meet four requirements:

> (1) No contributions are made by the employer or employee organization;
> (2) Participation in the program is completely voluntary for employees or members;
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and

> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j) (2010). For ERISA to apply, "[t]here must be some payment and manifestation of intent by the employer or employee organization to provide a benefit to the employees or the employees' beneficiaries of the type described in 29 U.S.C. § 1002(1)." *Moore v. Life Ins. Co. of N. Am.*, 278 Fed. App'x. 238, 239 (4th Cir. 2008).

But although the Fourth Circuit has recognized exceptions to ERISA coverage provided by these regulations, it also has maintained: "With few exceptions, ERISA applies to all employee benefit plans established or maintained by an employer engaged in commerce." *Id.* at 239-40 (citing 29 U.S.C.A. § 1003(a)).

Here, the court finds ERISA clearly governs the policy in dispute under 29 U.S.C. § 1003(a) and the Fourth Circuit's standard, as expressed in *Custer*. 12 F.3d at 417-18 (adopting the standard identified in *Donovan*, 688 F.2d at 1373). Specifically, the circumstances establish that a "plan, fund or program" existed because "a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." *Donovan*, 688 F.2d at 1373; *Tucci v. First Unum Life Ins. Co.*, 446 F. Supp. 2d 473 (D.S.C.2006) (applying the *Custer* standard to a long term disability insurance plan).

As stated by Defendant,

> [t]he Plan [d]ocuments demonstrate: (1) the Plan was established and is maintained by Michelin (ECF No. 1-2 at 174 (noting in the [Summary Plan Description] that Michelin provides for income protection through its Long Term Disability Plan and that "[i]t is also Michelin's goal to provide support to employees unable to work due to an illness or accidental injury."); *id.* at 283 (describing Michelin North America as the Plan Sponsor); *id.* at 353 (describing Michelin North America as the contract holder of the LTD insurance policy); *id.* at 409 (Michelin is the plan sponsor and plan administrator)); (2) the Plan provides certain group disability benefits to eligible full-time Michelin employees (*id.* at 179-180, 374, 377, 402,

5

> 404 (summarizing benefit and eligibility requirements)); and (3) benefits under the Plan are funded by Prudential through the Policy, which is paid for by Michelin (*id.* at 380-81, 400 (explaining how much Prudential will pay if employee is eligible for benefits and that Prudential makes payments to employee); *id.* at 371 (explaining that for basic LTD benefits[,] "[t]he entire cost of your coverage under the plan is being paid by your Employer."); *id.* at 409-410 (explaining that the Plan is underwritten by Prudential and that Prudential provides benefits)). The Plan Documents also provide the procedures for reporting of claims to Prudential and specifically advise participants of their rights under ERISA. (*Id.* at 410-412.) The Michelin Pension and Benefits Appeals Board is the named Plan Administrator. (*Id.* at 283.) Michelin is responsible for, among other things, paying premiums to Prudential and providing records to Prudential of who is and who is not an eligible participant. (*Id.* at 283, 358, 360).

(ECF No. 10 at 3-4.) After a thorough review of the record, the court concurs with Defendant that the policy at issue is governed by ERISA. Indeed, Plaintiff seems to concede this fact. (*See* ECF No. 5-1 at 5 ("[W]herein this Complaint alleges wrongful conduct by Defendant that is unrelated to Prudential's duties under the LTD plan governed by ERISA.").)

Accordingly, as ERISA applies to the policy in dispute here, the court next turns to whether ERISA also preempts Plaintiff's state law claims.

### B.  ERISA Preemption of State Law Claims

ERISA contains a specific preemption clause which states: "[e]xcept as provided in subsection (b) of this section, the provisions of [ERISA] shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan[.]" 29 U.S.C. § 1144(a) (2012). "A 'state law' includes 'all . . . decisions . . . of any State' . . . . Thus, in appropriate circumstances, state common law claims fall within the category of state laws subject to ERISA preemption." *Griggs v. E.I. DuPont de Nemours & Co.*, 237 F.3d 371, 378 (4th Cir. 2001) (quoting 29 U.S.C. § 1144(c)(1) (1999)). "A [state] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-98 (1983) (footnote omitted) (stating that Congress used

the words "relate to" in their "broad sense"). In *Pilot Life Ins. Co. v. Dedeaux*, the Supreme Court of the United States agreed that ERISA is the "exclusive vehicle for actions by ERISA plan participants and beneficiaries, asserting improper processing of a claim for benefits[.]" 481 U.S. 41, 52 (1987). Thus, "after *Pilot Life*, any contention that the state law claims here are not preempted by ERISA would be frivolous[.]" *Maker v. Health Care Corp. of Mid-Atlantic*, 872 F.2d 80, 82 (4th Cir. 1989).

The question of whether Plaintiff's state law causes of action are completely preempted is determined by inquiring into whether they "fit within the scope of ERISA's § 502(a) civil enforcement provision, and as such, whether they [are] properly converted into federal claims." *Sonoco Prod. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 371 (4th Cir. 2003) (quoting *Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 187 (4th Cir. 2002)). The Fourth Circuit has adopted the Seventh Circuit's test for determining whether a state claim is completely preempted by ERISA's § 502(a) provision. *Id.* at 372. This test sets forth three requirements to establish complete preemption:

> (1) the plaintiff must have standing under [ERISA] § 502(a) to pursue its claim; (2) its claim must fall[ ] within the scope of an ERISA provision that [it] can enforce via § 502(a); and (3) the claim must not be capable of resolution without an interpretation of the contract governed by federal law, *i.e.*, an ERISA-governed employee benefit plan.

*Id.* (citation and quotations omitted).

"ERISA includes expansive preemption provisions which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." *See Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208 (2004) (internal citations and quotations omitted); *see* 29 U.S.C. § 1144(a)(2012) (stating that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" that is covered by ERISA). "The policy choices

7

reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *See Pilot Life*, 481 U.S. at 54. Therefore, as reiterated by the Supreme Court, "any state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna*, 542 U.S. at 200-01.

Here, the court finds ERISA completely preempts Plaintiff's state law claims. First the court finds Plaintiff has standing under ERISA's § 502(a), because he is a "participant" of the plan. *See* 29 U.S.C. § 1132(a)(3)(2012). ERISA defines a "participant" as "any employee . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). Plaintiff thus has standing under ERISA's § 502(a) to pursue his claim. *See Tucci*, 446 F. Supp. 2d at 480.

Second, Plaintiff's claims fall within the scope of an ERISA provision that he can enforce via ERISA's § 502. Section 502(a)(1)(B) allows a plaintiff to bring a claim "to recover benefits due to him under the terms of a plan." Plaintiff seeks the payment of benefits that he alleges are due to him. Plaintiff specifically seeks damages, *inter alia*, for "loss of benefits." (ECF No. 1-1 at 8.) He also requests his "loss of income" that stems in part from "Defendant's false statement" to Prudential which resulted in the termination of "Plaintiff's LTD benefits[.]" (*Id.* at 6.) Likewise, he asks for his "loss of earnings" based upon Defendant "falsely accus[ing] Plaintiff of not disclosing his medical information during his pre-employment physical examination and thereby taking action . . . to harm Plaintiff." (*Id.* at 7.) This type of relief appears to fall within the type of remedies for which ERISA's § 502 provides. *See, e.g.*, *Singh v. Prudential Health Care Plan, Inc.*,

8

335 F.3d 278, 290-91 (4th Cir. 2003) (holding a health maintenance organization (HMO) member's claims that sought the return of plan benefits fell within the scope of ERISA civil enforcement provision and were completely preempted); *see also Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 195 (4th Cir. 2002); *Tucci*, 446 F. Supp. 2d at 480.

Finally, Plaintiff's claims cannot be resolved without an interpretation of the plan which he claims provides these benefits. Plaintiff posits Michelin made false claims to Prudential that Plaintiff had not disclosed prior medical conditions and was terminated for cause, leading to Prudential's denial of his LTD benefits under the plan. (ECF No. 1-1 at 4 ¶¶ 30-36.) The court cannot resolve these allegations without reviewing and interpreting the policy at issue. *See, e.g.*, *Powell v. Chesapeake & Potomac Tel. Co.*, 780 F.2d 419, 422 (4th Cir. 1985) ("To the extent that ERISA redresses the mishandling of benefits claims or other maladministration of employee benefit plans, it preempts analogous causes of action [including contract and tort claims], whatever their form or label under state law."); *Tucci*, 446 F. Supp. 2d at 481.

Lastly, the court observes that Plaintiff's Motion to Remand relies heavily on *Darcangelo* to insist ERISA does not preempt his claims. *See* 292 F.3d at 186-87. Yet in *Darcangelo*, the Fourth Circuit concluded certain of the plaintiff's state law claims were not preempted by ERISA because in essence the claims alleged a plan administrator undertook "non-fiduciary wrongful conduct . . . that [wa]s unrelated to their duties under the ERISA plan." *Id.* at 195. By contrast, the Fourth Circuit also noted that ERISA preempts state law claims "involv[ing] alleged misconduct by an administrator that was clearly undertaken in the course of carrying out duties under a plan." *Id.* at 191.

The court finds that Plaintiff's claims allege misconduct by Michelin in performing its duties under the plan. The plan establishes that Michelin, the plan's administrator,[3] has a duty to inform Prudential of those eligible and ineligible to be a plan participant. (*See* ECF No. 1-2 at 360.) Plaintiff claims Michelin committed fraud and negligence by falsely informing Prudential "that Plaintiff did not disclose" certain medical conditions, ultimately leading to the termination of Plaintiff's LTD benefits. (ECF No. 1-1 at 5-7.) Plaintiff further contends this purportedly untrue conveyance of information amounted to an unfair and deceptive act. (*Id.* at 7-8.) As these claims rest on Michelin's performance of its duties under the plan, Plaintiff's state law claims are completely preempted by ERISA. Plaintiff's Motion to Remand must therefore be denied.[4]

## IV.  CONCLUSION

For the foregoing reasons, the court **DENIES** Plaintiff's Motion to Remand. (ECF No. 5.) **IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Judge

February 23, 2021
Columbia, South Carolina

---

[3] Plaintiff appears to contend he has not sued the plan's administrator, and thus ERISA does not preempt his state law claims. However, as emphasized by Defendant, Plaintiff has indeed sued the administrator of his plan regarding LTD benefits. (ECF No. 1-2 at 283, 409 (identifying Defendant and The Michelin Pension and Benefits Appeals Board as the plan's administrator).) *See* 29 U.S.C. § 1002(16)(A) (defining an "administrator" in part as "the person specifically so designated by the terms of the instrument under which the plan is operated"). Moreover, the fact Michelin "delegated authority to . . . Prudential" regarding LTD benefits claims does not assuage its status as the plan administrator or the duties it performed as the plan administrator. (ECF No. 1-2 at 179.)

[4] As Plaintiff's claims are completely preempted by ERISA, the court need not reach Plaintiff's contention that the court lacks subject matter jurisdiction due to a lack of diversity of citizenship. (ECF No. 5-1 at 10-11.)