IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jeremy Smith, | ) | |
| | ) | Civil Action No.: 3:20-cv-02850-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Michelin North America, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

The matter before the court is Defendant Michelin North America's ("Michelin") Motion to Dismiss Plaintiff's Amended Complaint and Strike Plaintiff's Demand for Jury Trial. (ECF No. 19.) Plaintiff Jeremy Smith first filed this action in the Court of Common Pleas of Lexington County, South Carolina, alleging various claims related to the denial of his long-term disability ("LTD") benefits under the Michelin Long Term Disability Insurance Plan ("Plan"). (ECF No. 1-1.) The case was removed to this court, which denied Plaintiff's Motion to Remand. (ECF No. 14.)

For the following reasons, the court **DENIES** Michelin's Motion to Dismiss (ECF No. 19). Because the parties agree that the case should proceed before this court instead of a jury (ECF No. 20 at 15), Michelin's Motion to Strike Plaintiff's Demand for Jury Trial (ECF No. 19) is **DENIED** as moot.

### I.     FACTUAL AND PROCEDURAL BACKRGOUND

Plaintiff is a former employee of Michelin. (ECF No. 1-1 at 1 ¶ 1.) Before working at Michelin, he "suffered a serious left leg injury" in 2007, leaving him with chronic leg pain. (*Id.* ¶

1

6.) He also received treatment from two chiropractors for back pain. (*Id.*) During a pre-employment physical exam for Michelin, Plaintiff checked "yes" on a questionnaire for a leg injury, "but omitted back pain," although he later "verbally told the examining physician . . . of his back pain." (*Id.* at 2 ¶ 10.) While he worked at Michelin, Plaintiff suffered at least two injuries in the workplace in 2014, the second of which resulted in his "permanent[] and total[] disab[ility.]" (*See id.* at 1-3.) Because of his employment with Michelin, Plaintiff began receiving long-term disability benefits through Prudential Insurance Company of America ("Prudential"). (*Id.* at 4 ¶ 28.) However, Michelin terminated Plaintiff for cause, "for allegedly not disclosing medical information during his pre-employment physical examination." (*Id.* ¶ 29.) Plaintiff's LTD benefits through Prudential continued for a time until Michelin informed Prudential that Plaintiff was terminated for cause, and his LTD benefits "should have been terminated at the time his employment was terminated. Michelin [would] not backdate termination of LTD benefits since Prudential was never informed." (*Id.* ¶ 32.)

Plaintiff sued in state court, alleging state law claims for fraud, negligence, and unfair and deceptive trade practices against Michelin. (ECF No. 5-1 at 5.) Michelin removed the case to this court, which denied Plaintiff's subsequent motion to remand after finding that each of Plaintiff's claims rested on Michelin's performance of its duties under the Plan, and was preempted by ERISA. (ECF No. 14 at 10.)

Plaintiff's Amended Complaint asserts two causes of action: (1) a claim for benefits pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and (2) a claim for breach of fiduciary duty pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). (ECF No. 17 at 6, 9.) Michelin argues Plaintiff's Amended Complaint should be dismissed. First, Michelin claims that because Plaintiff failed to exhaust his administrative remedies under the Plan, his claim for benefits

under § 1132(a)(1)(B) should be denied. (ECF No. 19-1 at 6-7.) Second, Michelin argues Plaintiff's claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) fails because relief is available under ERISA's "right to sue provision." (*Id*. at 8-9.) Because Plaintiff's alleged injuries can be remedied by § 1132(a)(1)(B), he cannot, at the same time, seek relief under the catch-all provision of § 1132(a)(3). (*Id*. at 9.) Finally, Michelin argues it did not act as a fiduciary in relation to the Plan, because the acts giving rise to Plaintiff's suit were "ministerial" rather than fiduciary in nature. (*Id*. at 10-14.)

Plaintiff counters that he failed to exhaust the Plan's administrative remedies because Michelin never provided him the Plan documents and did not inform him how he could contest or appeal the denial of his Plan benefits. (ECF No. 20 at 7-9.) Moreover, Plaintiff argues that the ERISA "catchall provision" permits his breach of fiduciary duties claims at the pleading stage, where alternative legal and equitable theories of relief may be raised. (*Id*. at 12-13 (citing *Smoak v. Cangialosi*, No. 2:17-1709-RMG, 2017 WL 4481159, at *2-*3 (D.S.C. Oct. 6, 2017)).) Plaintiff also insists that Michelin "engaged in discretionary functions with respect to the management, assets, or administration of [the] [P]lan." (ECF No. 20 at 14.) According to Plaintiff, Michelin falsely communicated to Prudential that it had terminated Plaintiff for cause, and therefore unilaterally decided that Plaintiff's benefits should be denied. (*Id*. at 15.) Finally, Plaintiff withdraws his demand for a jury trial for both claims. (*Id*.)

## II.     LEGAL STANDARD

### A. Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d

943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). "In considering a 12(b)(6) challenge to the sufficiency of a complaint, this Rule must be applied in conjunction with the liberal pleading standard set forth in Federal Rule of Civil Procedure 8(a)." *Jenkins v. Fed. Bureau of Prisons*, C/A No. 3:10-1968-CMC-JRM, 2011 WL 4482074, at *2 (D.S.C. Sept. 26, 2011). Rule 8(a) provides that to be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in the light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). "In so doing, a court may consider documents attached to the complaint or the motion to dismiss 'so long as they are integral to the complaint and authentic.'" *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.     ANALYSIS

#### A. <u>Exhaustion of Administrative Remedies</u>

An ERISA claimant "must both pursue and exhaust plan remedies before gaining access to the federal courts." *Gayle v. United Parcel Serv., Inc.*, 401 F.3d 222, 226 (4th Cir. 2005). A

"[f]ailure to file a request for review within [a plan's] limitations period is one means by which a claimant may fail to exhaust her administrative remedies." *Id*. The exhaustion requirement "rests upon [ERISA's] text and structure as well as the strong federal interest encouraging private resolution of ERISA disputes. *Makar v. Health Care Corp. of Mid-Atl. (CareFirst)*, 872 F.2d 80, 82 (4th Cir. 1989). It promotes consistency and provides an avenue for "nonadversarial dispute resolution," allowing benefits claims to settle faster and cheaper. *Id*. at 83. Still, the Fourth Circuit recognizes two exceptions to this strict exhaustion requirement: (1) "'a clear and positive' showing of futility," and (2) a denial of meaningful access to plan procedures. *Id*.

Failure to exhaust administrative remedies, however, is an affirmative defense. *Rogers v. Unitedhealth Grp., Inc.*, 144 F. Supp. 3d 792, 802 (D.S.C. 2015). This court recognizes that Rule 12(b)(6) "rarely [involves] assessing the sufficiency of defenses." *Id*. (quoting *Taylor v. Oak Forest Health & Rehab., LLC*, No. 1:11-cv-471, 2013 WL 4505386, at *3 (M.D.N.C. Aug. 22, 2013)). At this stage, the court will not consider the merits of Michelin's argument that Plaintiff failed to exhaust all remedies under the plan. And the facts pleaded in the Amended Complaint do not permit the court to rule on this affirmative defense. *Rogers*, 144 F. Supp. 3d at 803 (stating there are "'relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint.'") (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007)). Michelin has not even filed its answer at this early stage of the pretrial process, and its arguments on this ground are more appropriate for the summary judgment phase. Moreover, Plaintiff has "presented []plausible arguments supported by factual allegations" that either exception could excuse his failure to observe the Plan's internal limitations period to appeal the denial of his benefits. *Rogers*, 144 F. Supp. 3d at 803.

First, Plaintiff alleges that his pursuit of administrative remedies or appeals would have been futile because Michelin intentionally ended Plaintiff's disability benefits after fabricating a false reason for Plaintiff's termination for cause. (ECF No. 20 at 9.) In this context, "bare allegations of futility" are insufficient. *Makar*, 872 F.2d at 83. Plaintiff's claims must be plausible and supported by factual allegations. *Rogers*, 144 F. Supp. 3d at 803. Plaintiff supports his claims with emails from Michelin employees informing Prudential that Plaintiff was no longer eligible for disability payments due to his termination for cause. (ECF No. 17 at 4-5 ¶¶ 33, 36-41.) At this stage, Plaintiff presents more than bare, speculative claims regarding intentional action by Michelin, and the court must accept these well-pleaded allegations as true. If Michelin intentionally misrepresented facts related to Plaintiff's employment, it is plausible that any further appeals of the decision to terminate Plaintiff's benefits would have been futile. The parties do not dispute that a terminated employee is ineligible for benefits. (ECF No. 19-1 at 4 (citing ECF No. 1-2 at 180).) Thus, if Michelin stuck to this story, Plaintiff's benefits could not be reinstated regardless of whether he actually remained eligible under the Plan and had a qualifying long-term disability. At the motion to dismiss stage, the court can only consider whether Plaintiff sufficiently pleaded factual allegations to support his assertion of futility. The court cannot decide which version of the facts is more plausible. *See Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, [or] the merits of a claim. . ."). Even if Plaintiff was appropriately terminated for cause, or if the emails attached to Plaintiff's Amended Complaint have some other explanation, his claim survives this low initial threshold.

Second, Plaintiff pleaded he had no "meaningful access" to the Plan's internal procedures because Michelin failed to provide him with adequate notice of the Plan's procedural requirements,

6

including his rights to appeal adverse decisions. (ECF No. 20 at 9-10.) Meaningful access requires the Plan administrator to provide adequate notice of how a claimant's benefit determinations were reached and explain explicitly how and when further steps to contest the decision must be taken. *See SunTrust Bank v. Aetna Life Ins. Co.*, 251 F. Supp. 2d 1282, 1289 (E.D. Va. 2003). In addition, the administrator must "provide to every claimant who is denied a claim for benefits written notice setting forth in a manner calculated to be understood by the claimant:

- (i) The specific reason or reasons for the adverse determination;

- (ii) Reference to the specific plan provisions on which the determination is based;

- (iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;

- (iv) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review."

*Id*. (citing 29 C.F.R. § 2560.503–1(f)(1), (g)(1) (2003)). When the plan administrator complies with this notice requirement, courts have determined that the claimant was given meaningful access to the Plan's administrative procedures. *SunTrust Bank*, 251 F. Supp. 2d at 1289.

Plaintiff pleads that he "contested the denial of his LTD benefits to the extent of what he knew to be available at the time." (ECF No. 17 at 6 ¶ 46.) He claims he never received any plan documents from Michelin detailing his procedural responsibilities, and thus, was denied any meaningful ability to comply with the Plan's administrative requirements. In response, Michelin argues that "Prudential explicitly advised Plaintiff of his right to appeal the termination of his LTD benefits." (ECF No. 19-1 at 7.) Michelin's argument is fundamentally grounded in fact. And at

this stage, the court must accept Plaintiff's factual allegation regarding inadequate notice.[1] Michelin's opposition to these allegations amounts to a factual challenge which the court may only address in the latter stages of pretrial litigation.

Even considering certain factual challenges to Plaintiff's allegations supplied by Michelin, however, the court still concludes that Michelin cannot overcome its substantial burden of establishing an affirmative defense in the 12(b)(6) stage. Michelin attaches a letter from Prudential to Plaintiff in support, which addresses the denial of Plaintiff's LTD benefits after a review of his claim and explains Plaintiff's rights to contest the decision. (ECF No. 19-2 at 4-11.)  A cursory review of the letter (recognizing that the court lacks proper context to fully examine this evidence) demonstrates that it does not appear to refer to specific contract provisions on which the review and denial were based. (*See id*.)  This is necessary to help the beneficiary obtain "a sufficiently clear understanding as to why the benefits were denied." *SunTrust Bank*, 251 F. Supp. 2d at 1289-90.  Plaintiff's allegations therefore overcome Michelin's affirmative defense of failure to exhaust Plan remedies at this early stage.

---

[1] The court notes that the Fourth Circuit recently vacated and remanded a decision from this district cited by Michelin in support of its argument that Plaintiff's failure to exhaust administrative remedies warrants dismissal. (ECF No. 19-1 at 7 (citing *Wilson v. United HealthCare Ins. Co.*, No. 2:17-cv-03059-DCN, 2020 WL 5203782, at *1 (D.S.C. Sept. 1, 2020), *aff'd in part, vacated in part, remanded sub nom. Wilson v. UnitedHealthcare Ins. Co.*, No. 20-2044, 2022 WL 552028 (4th Cir. Feb. 24, 2022).)  Recognizing that the failure to provide plan documents to claimant's counsel rendered further compliance with administrative requirements futile and denied the participant "meaningful access to administrative proceedings," the Fourth Circuit excused the plaintiff's failure to exhaust plan remedies. *Wilson*, No. 20-2044, 2022 WL 552028 at *14.  Thus, facts alleging that the required documents were not timely provided to Plaintiff overcomes Michelin's argument to the contrary at the 12(b)(6) stage.

**B. Breach of Fiduciary Duties**

    *1. Adequate Remedy under § 1132(a)(1)(B)*

Michelin argues that Plaintiff's breach of fiduciary duty claim fails as a matter of law because he has adequate relief through his right to sue under § 1132(a)(1)(B). (ECF No. 19-1 at 8-9.) As a result, Michelin contends the equitable remedies of § 1132(a)(3) are unavailable to Plaintiff. Indeed, the Supreme Court has recognized that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case [relief under § 1132(a)(3)] normally would not be 'appropriate.'" *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996) (internal citations omitted). The Fourth Circuit further clarified that if "§ 1132(a)(1)(B) affords the plaintiff adequate relief for her benefits claim, [] a cause of action under § 1132(a)(3) is [] not appropriate. *Korotynska v. Metro. Life Ins. Co.*, 474 F.3d 101, 107 (4th Cir. 2006). This limitation, however, applies only where Plaintiff's "injury consists of a denial of benefits." *Id.* Thus, the court must determine whether Plaintiff's breach of fiduciary duty claim amounts to a claim for benefits. *Johnson v. Michelin N. Am.*, 658 F. Supp. 2d 732, 744 (D.S.C. 2009).

If "the resolution of a plaintiff's claim rests upon an interpretation and application of an ERISA-regulated plan rather than upon an interpretation and application of ERISA, the plaintiff's claim is actually a claim for benefits." *Johnson v. Michelin N. Am.*, 658 F. Supp. 2d 732, 744 (D.S.C. 2009) (citing *Smith v. Sydnor,* 184 F.3d 356, 362 (4th Cir.1999)). Yet, this court previously determined that this issue ought not to be resolved at the pleading stage. *Smoak v. Cangialosi*, No. 2:17-cv-1709-RMG, 2017 WL 4481159, at *2 (D.S.C. Oct. 6, 2017). At the outset of their case, plaintiffs "may plead alternative legal and equitable theories of relief because it is unclear which remedy will be supported by the evidence . . . . The axiomatic rule that equitable

relief may not be granted when adequate legal relief exists does not affect the viability of either type of claim at the pleading stage." *Id.* (citation omitted). The court also recognized that ERISA's preemption of any causes of action grounded in fraud or other inequitable acts does not mean [p]laintiffs have no remedy for alleged misrepresentations. *Id.* at *3. Here too, Plaintiff pleads various violations of ERISA's notice, reporting, and disclosure provisions. The catch-all provision of § 1132(a)(3) creates an equitable remedy for "any act which violates any ERISA provision." *Id.* Even if Plaintiff has an adequate remedy for his *benefits* claims under § 1132(a)(1)(B), it is not clear that he can obtain adequate relief for his misrepresentation claims without the equitable relief promised under § 1132(a)(3). Given the nature of Plaintiff's allegations, the court finds Michelin has not satisfied its burden to dismiss Plaintiff's claims under § 1132(a)(3) and deny him access to ERISA's equitable remedies.

2. *Michelin's Fiduciary Role*

Michelin's final argument is directed at Plaintiff's breach of fiduciary duties claims. Michelin asserts it never acted as a fiduciary in relation to the Plan, and all alleged acts in the Amended Complaint were administrative in nature. (ECF No. 19-1 at 10-11.) Michelin cites various Department of Labor regulations explaining that advising participants of their rights and options under the plan or making recommendations to others with respect to the plan does not amount to a fiduciary responsibility. (*Id*. at 10 (citing 29 C.F.R. § 2509.75-8).) The key breach, according to Plaintiff, occurred when an employee of Michelin – Carla Pry – informed Prudential that Plaintiff was not eligible for LTD benefits because he had been terminated for cause. (ECF No. 17 at 4-5 ¶¶ 35-44.) Michelin alleges this is an inaccurate misrepresentation of the facts, and that in fact, Prudential terminated Plaintiff's benefits because he "no longer met the Plan's definition of 'disability.'" (ECF No. 19 at 11.) Even if Plaintiff's version of the facts is accepted,

10

Michelin argues that the mere act of informing Prudential of an employee's status is not a discretionary function and does not turn Michelin into a fiduciary.

The crux of the parties' disagreement is based on the factual extent of Michelin's authority over the termination of Plaintiff's benefits. Plaintiff has pleaded that it was Michelin who made the decision to terminate Plaintiff's employment to interfere with his benefits eligibility under the plan. It is beyond dispute that Plaintiff would no longer be eligible for benefits after his employment was terminated. (ECF No. 19-1 at 4 (citing ECF No. 1-2 at 180).) Thus, once Michelin informed Prudential that it had terminated Plaintiff's employment for cause, Prudential was essentially obligated to end any further benefits disbursements under the plain language of the Plan. Plaintiff argues this was a discretionary act which elevated Michelin to the status of a fiduciary. Under these facts, it is indeed plausible that Michelin exercised some discretionary authority over Plaintiff's eligibility. Even if it was Prudential who mainly acted in a fiduciary manner with respect to the Plan, Michelin's intentional action would leave Prudential no freedom in deciding whether Plaintiff remained eligible under the terms of the Plan. While the act of informing Prudential of the termination may have been ministerial, Plaintiff provides further context (which the court must credit at this stage) indicating that Michelin intentionally effected his termination to cut off his benefits. Plaintiff's allegations of intentional action are plausible in light of these facts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Michelin challenges the factual allegations of the Amended Complaint, but the court cannot resolve these disputes on a motion to dismiss. Michelin's Motion is therefore denied.

## IV.     CONCLUSION

For the foregoing reasons, the court **DENIES** Michelin's Motion to Dismiss (ECF No. 19). Plaintiff withdrew his jury demand in his Response to Michelin's Motion. (ECF No. 20 at 15.) Therefore, Michelin's Motion to Strike Plaintiff's Demand for Jury Trial (ECF No. 19) is **DENIED** as moot. The case will proceed as a bench trial before this court.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 10, 2022
Columbia, South Carolina